# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

YUESEYUAN CRUEL,

*Defendant-Appellant.*

No. 02-4305

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-99-625)

Submitted: February 26, 2003

Decided: March 14, 2003

Before WILKINS, Chief Judge, and LUTTIG and
TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Yueseyuan Cruel, Appellant Pro Se. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Yueseyuan Cruel pled guilty to making, uttering, and possessing counterfeit securities drawn on American Federal Bank, and aiding and abetting, in violation of 18 U.S.C. §§ 2, 513 (2000). He was sentenced, within a properly calculated guideline range, to thirty months of imprisonment. On appeal, he alleges that: (1) his plea was invalid because the Secret Service's search of his home was illegal; (2) the Secret Service and the district court lacked jurisdiction over him; (3) his trial counsel was ineffective; and (4) his presentence report ("PSR") was erroneous. For the reasons that follow, we affirm.

First, because Cruel pled guilty to the offense, he has waived his right to appeal from the allegedly illegal search of his home. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Second, the Secret Service had authority to arrest Cruel under 18 U.S.C. § 3056(c)(1) (2000), and the district court had authority to adjudicate the matter under 18 U.S.C. § 3231 (2000). Third, because the record does not conclusively establish ineffective assistance of trial counsel, this claim fails on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Finally, because Cruel did not object to the PSR below, we review the claim only for plain error, Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993), and find none. Accordingly, we affirm Cruel's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*